UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| MAIGAN FRANCIS | § | CIVIL ACTION 2:19-cv-14315 |
| | § | |
| | § | JUDGE _____ |
| VERSUS | § | |
| | § | MAGISTRATE _____ |
| AMERICAN FEDERATION FOR | § | |
| CHILDREN, INC. | § | JURY TRIAL DEMANDED |

## **COMPLAINT**

1.

This is a civil action for damages arising from gender-based pregnancy discrimination.

### I.   JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction under 28 U.S.C. Section 1331 as one or more of the claims asserted herein arise under the United States Constitution and federal law. This Court has supplemental jurisdiction under 28 U.S.C. Section 1367 to hear and decide claims arising under state law.

3.

Venue is proper in this Court under 28 U.S.C. Section 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in New Orleans, Louisiana which is located within the territory served by the Eastern District of Louisiana.

## II. PARTIES TO THE ACTION

4.

Plaintiff herein is MAIGAN FRANCIS, a person of the full age of majority, who is a resident, citizen and domiciliary of New Orleans, Orleans Parish, Louisiana. Plaintiff was employed as the Director of Implementation for the AMERICAN FEDERATION FOR CHILDREN, INC., doing business under the name of Louisiana Federation for Children, working from her home office and at events coordinated and/or attended for her employer in and around New Orleans, Louisiana.

5.

Defendant herein is the AMERICAN FEDERATION FOR CHILDREN, INC., a 501(c)(4) organization that purports to provide lobbying and grassroots advocacy work to promote school choice and manages a scholarship program supporting school choice. AMERICAN FEDERATION FOR CHILDREN, INC. may be served through its registered agent, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

## III. FACTUAL ALLEGATIONS

6.

Plaintiff was hired by the AMERICAN FEDERATION FOR CHILDREN, INC., operating in this state under the name LOUISIANA FEDERATION FOR CHILDREN, in February 2016 to work in the position of Director of Implementation. She worked in this position from February 2016 until she was terminated on November 1, 2018.

7.

During this time, Plaintiff received only perfect reviews by her supervisors.

8.

At no time was Plaintiff corrected, reprimanded or written up for any reason.

9.

In 2018, Plaintiff became pregnant. She took maternity leave beginning on approximately July 16, 2018.

10.

Plaintiff returned to work on October 7, 2018 following maternity leave and continued in her role as Director of Implementation.

11.

Upon her return from maternity leave, Plaintiff was subjected to harassment and a hostile work environment. Specifically, Plaintiff's immediate supervisor, Ms. Kelli Bottger, began criticizing her work and making false accusations against her. Plaintiff's newborn was often the subject during Ms. Bottger's harassment. This behavior continued throughout October 2019.

12.

The harassment did not occur prior to Plaintiff's pregnancy.

13.

After enduring the harassment for several weeks, Plaintiff reported the harassment, which created a hostile work environment, to her national supervisor, Lindsey Rust, on October 23, 2018 via email.

14.

On November 1, 2018, Plaintiff was terminated due to her pregnancy.

15.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC has terminated its investigation and has issued to Plaintiff a Notice of the Right to Sue, attached hereto as Exhibit A.

## IV. CAUSES OF ACTION

16.

By reason of the foregoing, Defendant deprived Plaintiff of certain benefits, privileges, terms and conditions of employment, and denied her continued employment because of her sex and pregnancy, all to her damage and injury. Defendant engaged in unlawful practices in violation of Title VII, 42 U.S.C.A. section 2000e, et seq., and Louisiana Revised Statutes Title 23, Section 301, et seq., by discriminating against Plaintiff and terminating her employment because of her pregnancy, and by denying her the benefits, treatments and privileges accorded to her prior to her pregnancy.

17.

Plaintiff incorporates herein as if set out in full the allegations of Paragraphs 1-16 above.

18.

Defendant is an "employer" as that term is defined in Title VII.

19.

As a result of Defendant's actions, Plaintiff has been deprived of income in the form of wages and benefits due to her, and Plaintiff has suffered humiliation and emotional distress.

20.

Plaintiff has been unable to obtain other substantially equivalent employment.

21.

Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein.

22.

As a direct and proximate, foreseeable result of Defendant's actions, Plaintiff has suffered injuries, including mental pain and suffering, emotional distress, fear, humiliation, loss of enjoyment of life, loss of wages, as well as having to incur attorneys' fees to bring this current action.

WHEREFORE, Plaintiff seeks judgment for damages against Defendant for all damages allowed by law including compensatory damages, punitive damages, costs and attorneys' fees.

## V. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, MAIGAN FRANCIS, PRAYS that her Complaint be deemed good and sufficient and that upon the conclusion of all due proceedings that a judgment be entered against Defendant, American Federation for Children, Inc, awarding Plaintiff the full statutory penalty and other damages described herein and all other legal and equitable relief to which Plaintiff may be entitled, including but not limited to, the costs of proceedings, attorneys' fees, expert witness fees and costs, and interest from the date of judicial demand.

Respectfully submitted by:

LANGLEY, PARKS & MAXWELL, LLC

_____s

By:___s/ Glenn L. Langley_____

   Glenn L. Langley, Bar Roll No. 8019
   Julianna P. Parks, Bar Roll No. 30658

401 Market Street, Suite 1100
Shreveport, Louisiana 71101
(318) 383-6422 Telephone
(318) 383-6405 Facsimile
glangley@lphmlaw.com Email

***Attorneys for Plaintiff, Maigan Francis***