## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MAIGAN FRANCIS** | * | **CIVIL ACTION NO: 2:19-cv-14315** |
| | * | |
| | * | **JUDGE: JAY C. ZAINEY** |
| | * | |
| | * | **SECTION: A** |
| **VERSUS** | * | |
| | * | **MAG. JUDGE: JOSEPH C. WILKINSON,** |
| | * | **JR.** |
| | * | |
| **AMERICAN FEDERATION FOR** | * | **MAG. DIV.: 2** |
| **CHILDREN, INC.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant American Federation for Children, Inc. ("AFC" or "Defendant"), by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses to the Complaint of Plaintiff Maigan Francis ("Plaintiff" or "Francis") and, in accordance with the numbered paragraphs thereof, states as follows:

## JURISDICTION AND PARTIES

1.     The allegations in Paragraph 1 are legal conclusions to which no response is required. To the extent a response is deemed required, the Defendant denies the allegations therein.

2.     The allegations in Paragraph 2 are legal conclusions to which no response is required.

3.     The allegations in Paragraph 3 are legal conclusions to which no response is required.

4.     Defendant is without knowledge or information sufficient to form a belief as to the

allegations of Paragraph 4 regarding Plaintiff's residency, and those allegations are therefore denied. The remaining averments of Paragraph 4 are admitted.

5.      Defendant admits it is a 501(c)(4) organization that, through its state partners designs programs to provide students with additional opportunities to attend the school of their families' choice. The remaining averments of Paragraph 5 are legal conclusions to which no response is required.

6.      Admitted.

7.      Denied.

8.      Denied.

9.      Defendant admits Plaintiff took intermittent leave beginning on July 18, 2018. The remaining allegations of paragraph 9 are denied.

10.      Defendant admits Plaintiff ended her intermittent leave beginning on September 19, 2018. The remaining allegations of paragraph 10 are denied.

11.      Denied.

12.      Defendant admits that Plaintiff was not harassed prior to her pregnancy and denies any inference that she was harassed during or after her pregnancy.

13.      Defendant denies Plaintiff was subject to harassment, reported any harassment, and that a hostile work environment existed.

14.      Defendant admits Plaintiff was terminated on November 1, 2018. The remaining allegations of paragraph 14 are denied.

15.      Admitted.

## CAUSE OF ACTION

16.     Paragraph 16 sets out a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 16.

17.     Defendant incorporates by reference its responses to the preceding paragraphs as though set forth in full.

18.     Admitted.

19.     Denied.

20.     Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 20, and those allegations are therefore denied.

21.     Paragraph 21 sets out a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 21.

22.     Denied.

The remainder of the Complaint restates Plaintiff's prayer for relief to which no response is required. To the extent the paragraph is deemed to contain factual allegations, Defendant denies those allegations and denies that Plaintiff is entitled to any relief.

Defendant denies all allegations in the Complaint that it has not specifically admitted.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claim is barred by the statute of limitations.

### SECOND DEFENSE

AFC exercised reasonable care to prevent and correct promptly any harassing behavior, and the plaintiff unreasonably failed to take advantage of any preventative or corrective

opportunities provided by AFC or to avoid harm otherwise.

## THIRD DEFENSE

Defendant's actions were done in good faith, without malice and without intent such that the relief sought, including but not limited to punitive damages, is not available.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that those claims exceed the scope of, or are inconsistent with, the Charge(s) of Discrimination she filed with the Equal Employment Opportunity Commission and/or the Louisiana Commission on Human Rights.

## FIFTH DEFENSE

On information and belief, Plaintiff has failed to mitigate her damages, if any.

Respectfully submitted,

/s/ Thomas M. Flanagan

Thomas M. Flanagan (#19569)
Camille E. Gauthier (#34558)
FLANAGAN PARTNERS LLP
201 St. Charles Ave. Ste. 2405
New Orleans, LA 70170
Telephone: 504-569-0235
Facsimile: 504-592-0251
tflanagan@flanaganpartners.com
cgauthier@flanaganpartners.com

David R. Warner, Trial Attorney (pro hac vice)
Tyler J. Freiberger (pro hac vice)
CENTRE LAW & CONSULTING, LLC
8330 Boone Blvd., Suite 300
Vienna, Virginia 22182
Telephone: 703-288-2800
Facsimile: 703-288-4868
dwarner@centrelawgroup.com
tfreiberger@centrelawgroup.com

Counsel for American Federation for Children, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on the 10th day of April 2020 a copy of the foregoing was served via the

Court's CM/ECF system, which will send notification of such filing to all registered participants.


/s/ Thomas M. Flanagan